IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY DURELLE TUCKER, | § | |
| TDCJ-CID NO. 1603197, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-0848 |
| | § | |
| CHRISTOPHER KIRK, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

While a detainee in the Brazos County Detention Center, plaintiff filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entry No.1). Defendants Sheriff Christopher C. Kirk ("Kirk"), Jail Administrator Wayne Dickey ("Dickey"), and Dr. Rany Cherian ("Cherian") have filed motions to dismiss. (Docket Entries No.12, No.14, No.16). Plaintiff has not filed a response to the motions. For the reasons to follow, the Court will grand defendants' motions and dismiss this case with prejudice.

I. CLAIMS

Plaintiff claims that on October 22, 2008, he slipped on a wet surface in a housing area of the Brazos County Detention Center ("the Jail") and struck his head on a steel wall bench and cut his knee on a piece of rebar that was protruding from a hole in the floor where a stool had once stood. (Docket Entry No.1). Plaintiff was rushed to St. Joseph's Hospital in an emergency vehicle where he was x-rayed and medication prescribed for his head, neck, back, and knee injuries. (Docket Entries No.1, No.5). Upon his return to the Jail, plaintiff suffered back pains, headaches, black-outs, a swollen knee, and excruciating pain for approximately fourteen days. (Docket Entry No.1). Plaintiff claims that Dr. Cherian, the medical staff, and the on-duty security staff were made aware of his problems but they did nothing to alleviate them.

1

(*Id*.). On November 5, 2008, while getting ready to shower, plaintiff blacked-out; he was rushed to the hospital, where he was treated. (*Id.*). Upon his return to the Jail, plaintiff was placed in a one-man cell in "separation" on medical observation. (Docket Entry No.5). On November 10, 2008, he blacked-out again and hit his right leg and head. (*Id.*). The guards checked him over but made him wait nine hours before allowing him to see Dr. Cherian the next morning. (*Id*.). Plaintiff states that Dr. Cherian did not properly assist him with this black-out. (Docket Entry No.5). Plaintiff continued to complain of neck, back, and head pain, but no one listened to him. (Docket Entries No.1, No.5).

On December 2, 2008, he blacked-out again and was taken to the hospital the next day. He suffered tremendous pain; on December 3, 2008, an MRI was taken per Dr. Cherian's orders. (Docket Entries No.1, No.5). On December 24, 2008, and on January 25, 2009, plaintiff blacked-out again. (Docket Entry No.1). On January 27, 2008, Dr. Cherian sent plaintiff to see a neurologist. (Docket Entry No.5). Plaintiff continues to suffer headaches and back and neck pain. (*Id*.). Plaintiff claims his medical needs were neglected while he was detained in the Jail. (*Id*.).

Plaintiff also complains that Sheriff Kirk and Jail Administrator Dickey have not maintained the Jail facility because they did not repair the broken metal stool until after plaintiff was injured. (Docket Entry No.1). Plaintiff contends as administrators, Kirk and Dickey should be aware of the needs of all inmates to assure a safe and healthy environment. (*Id*.).

In a memorandum in support of the complaint, plaintiff speculates that the hole and bench in the tank where he fell had been in the dangerous condition for years. (Docket Entry No.5). Plaintiff wrote Sgt. Smith, who was the officer in charge on his floor, and requested that

the hole not be repaired until photographs were taken of the hole. (*Id*.). The maintenance crew, however, repaired the hole that day without taking photographs. (*Id.*).

Plaintiff seeks equitable relief and punitive damages. (Docket Entry No.1).

## II. MOTION TO DISMISS

Defendant Cherian and defendants Kirk and Dickey have filed a motion to dismiss (Docket Entries No.12, No.14, No.16) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b) (6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.

1986). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### III. DISCUSSION

Because plaintiff's claims pertain to his status as a pretrial detainee, his constitutional rights related to conditions of confinement arise from "the procedural and substantive due process guarantees of the Fourteenth Amendment." *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (recognizing differences between alleged violations of the Eighth and Fourteenth Amendments). Liability for alleged violations of a detainee's rights by state officials can be premised on two theories of recovery: (1) that the conditions of confinement violated the detainee's rights or (2) that episodic acts or omissions of the officials violated the detainee's rights. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).

#### A. Dr. Cherian

Plaintiff's claim against Dr. Cherian concerns her acts or omissions with respect to medical treatment. Thus, such claim will be analyzed under the "episodic act or omission" standard. Under such standard, Dr. Cherian cannot be held liable unless she "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 74 F.3d at 650. In other words, plaintiff's pleadings must state facts giving rise to a cognizable claim that Dr. Cherian acted with subjective deliberate indifference as established in *Farmer v. Brennan*, 511 U.S. 825 (1994). *See Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997). To state a claim of deliberate indifference, plaintiff must state facts by which the Court could reasonably infer that Dr. Cherian

4

knew that plaintiff "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Plaintiff states no facts in his complaint or memorandum that would give rise to a claim that Dr. Cherian acted with deliberate indifference to his serious medical needs. Plaintiff's pleadings show that plaintiff was hospitalized several times after he blacked-out. Over the course of his detention, plaintiff was placed in a separate cell on medical observation, given an MRI, and referred to a neurologist. Although he alleges that Dr. Cherian did nothing to alleviate the pain and headaches he suffered while in Jail, plaintiff states no facts by which the Court might infer that Dr. Cherian refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any conduct that would give rise to a claim that she wantonly disregarded his serious medical needs. *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Because plaintiff fails to state a facially plausible due process claim against Dr. Cherian, the Court will grant defendant Cherian's motion to dismiss.

## B. Sheriff Kirk and Administrator Dickey

Plaintiff complains that Sheriff Kirk and Jail Administrator Dickey were intentionally indifferent to a known risk of harm to him because they did not repair the hole in the floor and the rod from the broken stool upon which plaintiff fell until after plaintiff was injured. Plaintiff speculates that the defect in the floor must have been in the same condition for years. He claims that as Jail administrators, Kirk and Dickey should be aware of the needs of all inmates to assure a safe and healthy environment.

Plaintiff's pleadings do not clearly reflect whether he is complaining about a jail condition, *i.e.*, the jagged rod protruding from the floor, or defendants' failure to repair the condition. Plaintiff, however, does not complain that his exposure to the defective condition in

the floor amounts to an unconstitutional infliction of punishment. Although plaintiff was physically injured as a result of falling on the jagged rod, the gravamen of his complaint is that defendants Kirk and Dickey violated his due process rights to minimal safety and security by their failure to repair the condition. Therefore, the Court finds that this case falls within the rubric of an episodic event. *See Scott*, 114 F.3d at 52-53 (5th Cir. 1997) (distinguishing conditions of confinement case from an episodic or omission case). In such case, plaintiff must allege facts by which the Court might reasonably infer that Kirk and Dickey knew about the defective floor condition, that they actually inferred that such defect posed a substantial risk of serious harm to plaintiff, and that they disregarded the known risk to plaintiff's health and safety by their failure to take reasonable actions to repair or remove the defect. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Farmer*, 511 U.S. at 847.

Although plaintiff speculates that floor had been in disrepair for years, he states no facts to support this allegation and no facts by which the Court could infer that Kirk or Dickey had actual knowledge of the defect or of the risk that it posed to plaintiff, or that Kirk or Dickey failed to repair or conceal the defect even though they were aware of the risk of harm to plaintiff. At most, the Court may reasonably infer from plaintiff's complaint that Kirk and Dickey were negligent by their failure to have the floor repaired or the defect concealed before plaintiff or any other detainee suffered an injury. "Deliberate indifference cannot be inferred from a[n] . . . official's mere failure to act reasonably, *i.e.*, it cannot be inferred from negligence alone." *Lawson v. Dallas County*, 286 F.3d 257, 262-63 (5th Cir. 2002). Moreover, to the extent that plaintiff sues Sheriff Kirk in his official capacity as Brazos County's policy maker, he states no facts to show the existence of a policy or custom sufficient to trigger §1983 liability. *See Turner v. Upton County, Tex.*, 915 F.2d 133, 136 (5th Cir. 1990) (recognizing that in Texas, the county

sheriff is the county's final policymaker in the area of law enforcement); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (noting municipal liability under § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom).

Accordingly, the Court will grant defendants Kirk and Dickey's motion to dismiss. (Docket Entries No.12, No.14).

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Defendant Dr. Rany Cherian's Motion to Dismiss (Docket Entry No.16) is GRANTED.

2. Defendants Christopher Kirk and Wayne Dickey's Motion to Dismiss (Docket Entries No.12, No.14) is GRANTED.

3. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim. All claims against all defendants are DENIED.

4. All pending motions, if any, are DENIED AS MOOT.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties.

SIGNED at Houston, Texas, this 5th day of March, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE